IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| ERNEST A. HARDWAY, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| vs. | ) ) | CIVIL NO. 08-cv-184-DRH |
| WARDEN RYKER, *et al.*, | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

Plaintiff, a prisoner at the Cook County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks damages from Defendant Ryker and the Illinois Department of Corrections (IDOC) for his alleged unlawful confinement. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Nusku v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on

its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

**THE COMPLAINT**

Plaintiff alleges that in early 2007 his parole was revoked and he was given an "out date" of December 24, 2007. On or about December 13, 2007, while detained at the Lawrence Correctional Center (Lawrence), Plaintiff was given a sheet entitled "Single or Concurrent Determinate Sentences under 1978 Law and Jail Credit." A copy of this document is attached to the complaint.

The sheet contained Plaintiff's name - Ernest Hardway - along with a notation "a.k.a. Tommie Hannah." The sheet also had Plaintiff's inmate number, B70520. The sheet informed Plaintiff that his "out date" was now projected to be May 17, 2010. Plaintiff states that he filed an "emergency grievance" with Defendant Ryker, the warden at Lawrence. Defendant Ryker, however, returned the grievance to Plaintiff finding that "the issue is not an emergency" and directing Plaintiff to "follow the grievance process by submitting the grievance to [his] counselor."

A document attached to the complaint indicates that Plaintiff filed a "Resident Request" concerning his changed release date on January 9, 2008. An unsigned remark by staff states: "[o]n 10-24-07 you were sentenced to 7 years for burglary. Currently your MSR date is 5-17-10."

Additional documents attached to the complaint indicate that Plaintiff has had criminal charges pending against him in Cook County, Illinois, since October 2006. Plaintiff states that he was released from the custody of the IDOC on January 14, 2008. However, the documents indicate that because Plaintiff had the Cook County charges pending against him, Plaintiff was held for pick-up on those charges until January 16, 2008.

Liberally construing the complaint, Plaintiff contends that he was illegally confined at

Lawrence from December 24, 2007, until January 14, 2008. Specifically, Plaintiff contends that he is *not* Tommie Hannah and, therefore, he was entitled to release on his original "out date" of December 24, 2007.[1] Plaintiff seeks damages for his allegedly unlawful confinement.

**DISCUSSION**

Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915A. The IDOC is immune from damages under § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their official capacities are 'persons' under § 1983."). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Indiana Department of Corrections*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Correctional Center*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 218, 220 n. 3 (7th Cir. 1990) (same).

With respect to Defendant Ryker, Plaintiff's only allegation is that Ryker did not treat his grievance as an "emergency." This allegation does not state a claim that Ryker violated Plaintiff's constitutional rights. Furthermore, the exhibits attached to the complaint indicate that on December 24, 2007, Plaintiff had criminal charges pending against him in Cook County, Illinois. The complaint indicates that Plaintiff was delivered directly from IDOC custody to the custody of the Cook County jail where, as noted above, Plaintiff is currently confined at the Cook County Jail. Accordingly, Plaintiff's claim for damages stemming from an unlawful confinement appears to be barred by *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994) (prisoner has no cause of action under

---

[1] Plaintiff does *not* appear to challenge his release to or his confinement at the Cook County Jail on the Cook County charges.

3

§ 1983 for unlawful confinement unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus).

**DISPOSITION**

**IT IS HEREBY ORDERED** that Plaintiff's complaint is **DISMISSED**, with prejudice, pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted. This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g). All pending motions are **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED:** September 17, 2008.

/s/ DavidRHerndon
**DISTRICT JUDGE**